IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEALTHCARE MANAGEMENT SOLUTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | 8:07CV05 |
| vs. | ) ) ) | ORDER |
| KEN HARTLE and PHYSICIANS MEDICAL BILLING INC., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion to Compel Discovery (Filing No. 14). The defendants filed a brief (Filing No. 15) and attached evidentiary exhibits to the motion.[1] The plaintiff filed a brief (Filing No. 17) and an affidavit in response to the defendants' motion.[2] Therein, the plaintiff stated that despite earlier objections, the plaintiff has now provided the requested documents leaving nothing in dispute. However, the defendants filed a brief (Filing No. 18), an index of evidence (Filing No. 19) and an affidavit (Filing No. 20) in reply. The defendants state the plaintiff has failed to fully respond to the relevant requests for production by omitting particular documents.

The defendants seek to compel production of the plaintiff's tax returns and certain financial documents. Such items were requested in the defendants' Request for Production Nos. 24 and 25, which were served on the plaintiff's counsel on March 7, 2007. **See** Filing No. 14, Exhibit 1. On April 9, 2007, the plaintiff served discovery responses objecting to Request for Production Nos. 24 and 25. **See id.** Exhibit 2. Thereafter the

---

[1] The local rules require an index of evidence to be filed separately from the brief. **See** NECivR 7.1.

[2] Although the plaintiff filed the document as an "Objection" the document itself notes it is merely a response brief, which contains no objection to providing the requested discovery and, as such, should not have been filed as an Objection pursuant to NECivR 7.1(b)(1)(a).

parties conferred and were unable to reach an accord. **See** *id.* Exhibit Nos. 3-4. On May 18, 2007, the defendants filed the instant motion to compel.

With regard to production of documents and things, Fed. R. Civ. P. 34(b) provides:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

**See** Fed. R. Civ. P. 34(b).

"All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. ***St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.***, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id.* "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See** ***Wagner v. Dryvit Sys., Inc.***, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See** *id.*

It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. **Burnett v. Western Res. Inc.**, CIV. A. No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996). If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant. *Id.* However, a threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. **Hofer v. Mack Trucks, Inc.**, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See Cervantes v. Time, Inc.**, 464 F.2d 986, 994 (8th Cir. 1972). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund**, 437 U.S. at 351. Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See Marker v. Union Fidelity Life Ins. Co.**, 125 F.R.D. 121 (M.D.N.C. 1989); **Morse Diesel, Inc. v. Fidelity & Deposit Co.**, 122 F.R.D. 447 (S.D.N.Y. 1988). The District Court has discretion to limit the scope of discovery, if it has a good reason to do so. **Credit Lyonnais v. SGC Int'l, Inc.**, 160 F.3d 428, 431 (8th Cir. 1998).

The plaintiff's initial response to discovery contained objections on the bases that the information sought contained confidential information and was not relevant, and the requests were overly broad. The defendants show the requested discovery bears on, or reasonably could lead to other matters that could bear on, issues raised in this case. The plaintiff asserts claims in the complaint for lost profits and business related damages. While this court makes no determination of the legitimacy of the plaintiff's claims, the defendants have sustained their burden of showing the requested discovery meets the threshold level for relevance. The requests are not overly broad on their face and because

documents may contain confidential material does not necessarily shield the documents from discovery. The plaintiff has failed to make any showing to support its earlier objections and, in fact, has waived the objections by agreeing to provide the disputed discovery. Accordingly, the defendants' motion to compel will be granted over the plaintiff's earlier objections.

However, since the plaintiff provided responses to the requested discovery on May 21, 2007, the analysis changes. The plaintiff states it has produced "all known documents which would be responsive to Document Requests #24 and #25 in Plaintiff's or its attorney's possession." **See** Filing No. 17 - Kratville Aff. ¶ 7. The defendants seek an order compelling more specific production. **See** Filing No. 18. The defendants state it is unclear whether all responsive documents have been produced, despite additional attempts by the defendants' counsel to confer with the plaintiff's counsel about the previously disputed discovery.

The defendants note certain tax returns have yet to be produced. Specifically, the defendants contend the plaintiff has yet to produce the 2003 federal tax return, which "is said to be missing." **See** Filing No. 18, p. 2. Additionally, the plaintiff has filed no state or federal returns for the 2004-2006 tax years. The defendants seek an order requiring production of these tax returns, if found or if filed. Clearly the court cannot compel production of a document or information, which does not exist. **Hill v. McHenry**, No. 99-2026-CM, 2002 WL 922157, *1 (D. Kan. Apr. 30, 2002). Additionally, Rule 26(e), without a court order, requires the plaintiff to supplement its discovery responses to make such responses complete with additional or corrective information.

The plaintiff cannot, however, avoid production by merely claiming lack of possession. "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." **Prokosch v. Catalina Lighting, Inc.**, 193 F.R.D. 633, 636 (D. Minn. 2000) (citing cases); **see U.S. Int'l Trade Comm'n v. ASAT, Inc.**, 411 F.3d 245, 254 (D.C. Cir. 2005). Courts have found, in certain circumstances, respondents were required to obtain documents from a third-party. **See Uniden Am. Corp. v. Ericsson, Inc.**, 181 F.R.D. 302 (D.C.N.C. 1998)

(sister corporation); **Henderson v. Zurn Indus., Inc.**, 131 F.R.D. 560, 567 (D.C. Ind. 1990) (documents given to respondent's attorney or insurer); **but see Preservation Prods, LLC v. Nutraceutical Clinical Labs.**, 214 F.R.D. 494, 496 (N.D. Ill. 2003) (respondent must cooperate by providing release form related to respondent's SEC testimony transcript). Here, it is unclear what is meant by the 2003 federal tax return "said to be missing." Further, the defendants do not seek an order requiring the plaintiff to obtain the record from the Internal Revenue Service. In accordance with Rules 26(e) and 34, the court will not compel additional production in connect with Request for Production No. 24. At this time, the defendants' motion to compel additional tax returns appears moot.

The defendants contend the plaintiff's production of certain financial documents is defective because the documents produced do not contain monthly, quarterly, or annual depictions of the plaintiff's financial performance, or other financial documents. **See** Filing No. 18, p. 2. The defendants provide the court with a listing of the documents produced by the plaintiff. The plaintiff states however, it has produced "all known financial statement, balance sheets, etc." **See** Filing No. 17 - Kratville Aff. ¶ 5. As stated above, the court cannot compel production of documents which do not exist. Further, there is no evidence the plaintiff is hiding or has destroyed documents. Accordingly, the court will not compel additional production in connect with Request for Production No. 25, as production has been accomplished.

Although the defendants' motion to compel is denied, as moot, the plaintiff shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(a), which provides:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

The plaintiff's failure to provide discovery required the defendants to file a motion to compel. The plaintiff has now conceded discovery and provides no support for the earlier objections or an explanation for the failure to provide discovery. The court shall, after the plaintiff has a chance to respond, grant the defendants reasonable expenses for filing the motion, unless the plaintiff shows substantial justification for the failure to timely provide discovery responses. **See** Fed. R. Civ. P. 37(a)(4). Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion to Compel Discovery (Filing No. 14) is denied, as moot.

2. The plaintiff shall have to **on or before June 27, 2007**, to show cause why the defendants should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

Dated this 13th day of June, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge