IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEALTHCARE MANAGEMENT SOLUTIONS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| KENT HARTLE and PHYSICIANS MEDICAL BILLING, INC., | ) ) ) |
| Defendants. | ) ) |

8:07CV5

CONSENT PROTECTIVE ORDER

WHEREAS, discovery in the above-captioned action has and may continue to involve the production of documents and information which the parties claim to be confidential and the parties desire to pursue discovery with a minimum of delay and expense. Upon stipulation of the parties,

**IT IS ORDERED:**

The amended motion for a protective order (Filing No. 29) is granted. The original motion for a protective order (Filing No. 24) is denied as moot.

**IT IS FURTHER ORDERED:**

1. When used in this Order, the word "documents" means any and all written, recorded or graphic matter whatsoever produced by any party, person, or entity, whether pursuant to Rule 34, subpoena, deposition, or by agreement.

2. All such documents and every portion thereof, to the extent such documents depict, contain, or consist of:

   A. The parties' tax returns;

   B. The parties' customer files to the extent such files contain patient information;

   C. The parties' telephone records;

    D. Software, source code, computer files, or computer data of any kind associated with the parties' products and services;

    E. The parties' customer billing information.

shall be considered "confidential" for the purposes of this Order and shall used by the non-producing parties only for the preparation for and conduct of proceedings herein and not for any other purpose whatsoever.

  3. No confidential documents, nor any portion or summary thereof, shall be given, shown, disclosed or communicated by the non-producing parties in any way to any person or entity other than:

    A. counsel in this action and their employees;

    B. the parties; and

    C. outside consultants and experts consulted or retained for the purpose of testifying or assisting in the preparation for the conduct of the proceedings herein.

  4. Before disclosure of any confidential document is made to any person described in paragraph 3(c) above, the person to whom disclosure is made shall be given a copy of this Order and shall agree in writing (in the form attached hereto as Exhibit "A") to be bound by the terms of this Order. Counsel for each disclosing party shall maintain a file of such written agreements until this action is completed.

  5. No person to whom a document or information designated confidential pursuant to this Order is furnished or disclosed shall copy or otherwise use the document or information for any purpose whatsoever, except in connection with pre-trial proceedings, preparation for trial, or other proceedings associated with this litigation.

  6. Any party or attorney for a party furnishing documents or disclosing information pursuant to the terms of this Order shall not waive the confidentiality thereof.

  7. Any document designated as confidential may be used to examine or cross-examine any witness at any hearing, deposition, or trial in this action. However, to the extent that any other person is present at such hearing, deposition, trial, or other legal proceeding and is not a person to whom the designated confidential document or information may be disclosed, and subject to any agreement or Court order otherwise,

there shall be no disclosure of the designated confidential information or document unless and until all such persons are excluded from the proceeding during the disclosure or use of the material. Every court reporter taking any testimony relating to designated confidential documents or information shall be informed of and provided with a copy of this Order and shall adhere to the provision hereof.

8. Should a document designated confidential pursuant to this Order be utilized in connection with any document filed with the Court, or be utilized at any deposition, hearing or trial, or should information governed by this Order be disclosed in an affidavit, discovery answer or in connection with any document filed with the Court, or in the transcript of any deposition, hearing or trial, the exhibit, affidavit, discovery answer, or other document or transcript filed with the Court must be filed in a sealed envelope or other sealed container marked with the title of litigation, identifying each enclosed document and thing and bear a statement precisely in the following form:

"CONFIDENTIAL"

"By Order of the U.S. District Court for the District of Nebraska dated September 5, 2007, this envelope is not to be opened, and its contents are not to be displayed or revealed to any person, other than the presiding Judge, the parties or their attorneys, in this matter."

Transcripts of the depositions covered by this Order shall be filed under seal in the manner described above.

9. At the conclusion of all proceedings in this litigation, all documents governed by the terms of this Order (and all copies of such documents) shall be returned, from any person in possession thereof, to the producing party upon request, or destroyed by the non-producing party. The obligations of this Order shall not terminate upon the conclusion of this action, but shall continue until further reorder of this court or until the producing party claiming confidentiality has waived the same in writing.

10. This Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information, and to the use or admissibility

at trial of any evidence, whether or not comprised of documents or information governed by this Court order.

11.     This Order is without prejudice to the right of any party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

12.     The Court may impose sanctions upon any person who grants access to the confidential documents or information for any purpose other than the preparation, trial, or appeal of this case, or who otherwise violates the terms of this Order, including consequential damages, sanctions, costs, attorneys' fees and other appropriate relief.

DATED this 5th day of September, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEALTHCARE MANAGEMENT SOLUTIONS, INC., | Case No. 8:07-cv-00005-JFB-TDT |
| Plaintiff, | |
| v. | **AFFIDAVIT** |
| KENT HARTLE and PHYSICIANS MEDICAL BILLING, INC., | |
| Defendants. | |

    I, _____, do hereby acknowledge that I have received and read a copy of the attached Protective Order, and I agree to be bound by the terms of the Order, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Order and for judicial action for any violation of the Order.
    DATED this _____ day of _____ 2007.

                                                                                                                    _____

                                                                             Relationship to this lawsuit:

                                                                                                                   _____

                                                                                                                   _____

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

    Subscribed and sworn to before me this _____ day of _____ 2007.

                                                        _____
                                                        Notary Public